(No. 44958.—

# THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, v. CREOLA ANDERSON, Appellant.

*Opinion filed January 26, 1973.*

438

R. EUGENE PINCHAM, CHARLES B. EVINS and G. MICHAEL COOPER III, all of Chicago, for appellant.

WILLIAM J. SCOTT, Attorney General, of Springfield, and EDWARD V. HANRAHAN, State's Attorney, of Chicago (JAMES B. ZAGEL, Assistant Attorney General, and ELMER C. KISSANE and WILLIAM D. WOLTER, Assistant State's Attorneys, of counsel), for the People.

MR. JUSTICE SCHAEFER delivered the opinion of the court:

After a trial before a judge of the circuit court of Cook County, the defendant, Creola Anderson, was found guilty on March 1, 1971, of the offense of theft of over $150. When she was initially charged with the offense, on February 26, 1968, section 103–5(b) of the Code of Criminal Procedure provided: "Every person on bail or recognizance shall be tried by the court having jurisdiction within 120 days from the date defendant demands trial unless delay is occasioned by the defendant ***." By an amendment which became effective August 28, 1969, the statutory period of 120 days was increased to 160 days. (See Ill. Rev. Stat. 1967, 1969, ch. 38, par. 103–5(b).) And because the latter period was applied by the trial judge in denying the defendant's motion for discharge under the statute, she contends that the Federal and State constitutional prohibitions against *ex post facto* laws and her Federal and State constitutional rights to a speedy trial were violated.

On February 26, 1968, a complaint was filed which

charged the defendant with the theft of $7,600 from her employer, Star Foods, Inc., on February 2, 1968. Delays attributable to both the State and the defense postponed the preliminary hearing on this complaint to September 19, 1968, on which date the court heard evidence and continued the hearing until October 9. On that date the court again continued the matter on the State's motion until November 1, 1968. On October 30, 1968, however, the grand jury returned an indictment against the defendant which charged her with the theft of over $150 from Star Foods, Inc.

This indictment stated the date of the offense as January 23, 1967. The defendant pleaded not guilty at her arraignment on November 14. The indictment was pending throughout 1969. It was set for trial on nine different dates, but was continued each time on motion of the prosecution, the defense, or by agreement.

The defendant first demanded trial on February 10, 1970; over her objection the case was continued until March 20. Thereafter three more continuances were granted over the defendant's objections, the third of which postponed the trial until June 15. On June 11, 1970, the grand jury returned a second indictment against the defendant for theft of over $150 from Star Foods, Inc. This indictment charged that the transactions upon which it was based took place during the period from August 5, 1967, through February 2, 1968. The defendant was arraigned on this indictment on June 15, 1970, and on the same date she filed a motion to dismiss both indictments because more than 120 days had elapsed since her demand for trial on February 10. On June 30, when the trial judge denied the motion, he based his ruling on the amended statute (Ill. Rev. Stat. 1969, ch. 38, par. 103–5(b)), which had taken effect on August 28, 1969. The original indictment against the defendant was eventually stricken, and she went to trial and was convicted on the second indictment.

The first question to be considered is whether the General Assembly intended the statutory change to apply to pending cases. Section 4 of the Statutory Construction Act (Ill. Rev. Stat. 1969, ch. 131, par. 4) provides:

"No new law shall be construed to repeal a former law, *** as to any *** right accrued, or claim arising under the former law, or in any way whatever to affect any *** right accrued, or claim arising before the new law takes effect, save only that the proceedings thereafter shall conform, so far as practicable, to the laws in force at the time of such proceedings."

The situation resembles that which has been encountered in civil cases involving statutory changes in the time within which an action must be commenced. Many cases of that kind are discussed in *Orlicki v. McCarthy (1954), 4 Ill.2d 342*, where it was held that such a limitation was procedural, and that a reduction in the period prescribed could operate retroactively so long as a reasonable period remained after the enactment of the new limitation within which the action could be commenced. There appears also to be widespread agreement that a legislative body can extend the period of limitations as to criminal offenses which occurred prior to the effective date of the change without violating the constitutional prohibition against *ex post facto* laws, so long as the extended period does not apply to any case in which the accused has acquired, as of the effective date of the change, a right to acquittal through the running of the original statute. *People v. Buckner (1917), 281 Ill. 340, 347; People v. Isaacs (1967), 37 Ill.2d 205; Clements v. United States (9th Cir. 1959), 266 F.2d 397, cert. denied, 359 U.S. 985, 3 L. Ed. 2d 934, 79 S. Ct. 943; Falter v. United States (2d Cir. 1928), 23 F.2d 420, cert. denied, 277 U.S. 590, 72 L. Ed. 1003, 48 S. Ct. 528; United States v. Ganaposki (M.D. Pa. 1947), 72 F. Supp. 982; Hill v. State (1943), 146 Tex. Crim. 333, 171 S.W.2d 880, appeal dismissed, 320 U.S. 806, 88 L. Ed. 487, 64 S. Ct. 72.*

It is our opinion that the right to be discharged under

the statute can not be regarded as an "accrued right," within the meaning of the Statutory Construction Act, until the statutory period has expired, and that the period fixed in the amendatory statute was intended to apply in all cases except those in which the defendant had become entitled to discharge before it became effective. We hold, therefore, that the application of the 160-day period to the defendant's case was not contrary to section 4 of the Statutory Construction Act.

We are also of the opinion that such an application of the 160-day trial-delay discharge provision, instead of the 120-day provision, did not violate either the Federal or State constitutional prohibition against *ex post facto* laws. The new provision did not make criminal an act that was innocent when done; it did not increase the punishment for a previously committed offense; and it did not alter the legal rules of evidence in order to convict the defendant. Nor did the new provision deprive the defendant of any substantive right or defense available to her at the time of the offense. See *Calder v. Bull (1798), 3 U.S. (3 Dall.) 386, 390, 1 L. Ed. 648, 650; Kring v. Missouri (1883), 107 U.S. 221, 232, 27 L. Ed. 506, 510, 2 S. Ct. 443, 453; Beazell v. Ohio (1925), 269 U.S. 167, 169-170, 70 L. Ed. 216, 217, 46 S. Ct. 68, 69.*

Ordinarily our determination that the defendant was not entitled to be discharged under the statute would also determine her claim that her constitutional right to a speedy trial was violated, because the statute implements the constitutional right, and as a practical matter "operates to prevent the constitutional claim from arising except in cases involving prolonged delay or novel issues ***." (*People v. Stuckey (1966), 34 Ill.2d 521, 523.*) In this case there was prolonged delay between the filing of the original complaint and the ultimate trial. Several considerations, however, lead us to the conclusion that the defendant's constitutional rights were not violated. The offense charged was a complicated and continuing one,

involving numerous financial transactions extending over a period of time. The only time that the defendant seemed to desire a trial was during the period that her demand for trial was pending—from February 10, 1970, to June 15, 1970. At no time was she held in custody, and after her motion for discharge under the statute was denied, the case was continued both upon motion of the defendant and of the prosecution. It was not tried until March 1, 1971.

In our opinion the defendant's right to a speedy trial was not violated. (See *Barker v. Wingo (1972), 407 U.S. 514, 33 L. Ed. 2d 101, 92 S. Ct. 2182.*) The judgment of the circuit court of Cook County is affirmed.

*Judgment affirmed.*