(No. 46409.-

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee,
v. DON OWEN RAHN, Appellant.

*Opinion filed November 27, 1974.*

John F. McNichols and Richard J. Wilson, Deputy Defenders, J. Daniel Stewart, Assistant Appellate Defender, and Bruce Stratton, Administrative Director, Office of State Appellate Defender, all of Springfield, for appellant.

William J. Scott, Attorney General, of Springfield, and Walter F. Farrand, State's Attorney, of Virginia (James B. Zagel and John Patrick Healy, Assistant Attorneys General, of Chicago, of counsel), for the People.

MR. JUSTICE SCHAEFER delivered the opinion of the court:

On April 21, 1971, a grand jury indicted the defendant, Don Owen Rahn, and two co-defendants for the crime of arson. The defendant was 16 years of age at the time the alleged offense was committed on March 8, 1971. He was arrested on March 12, 1971, and on that day statements were taken from him and his co-defendants. No delinquency petition concerning the defendant was ever filed with the juvenile court. A jury found the defendants guilty, and Rahn was sentenced to imprisonment for a

term of not less than 3 nor more than 10 years. The Appellate Court, Fourth District, affirmed (15 Ill. App. 3d 170), one judge dissenting, and we allowed leave to appeal.

In advance of the trial, the defendant's attorney had moved that the State's Attorney be required to seek leave under the Juvenile Court Act to prosecute the defendant as an adult. The trial court denied that motion on the ground that no petition was necessary since the State's Attorney had already decided to proceed against the juvenile under the criminal law and had obtained an indictment. The propriety of this ruling is the only issue raised in this court.

In the appellate court it was contended that this issue was not properly preserved for review. That contention is renewed in this court, but since the appellate court decided the merits of the issue we shall do so too.

The Juvenile Court Act specifies the duties to be performed by an officer who takes a minor into custody. Section 3—2 provides:

"A law enforcement officer who takes a minor into custody without a warrant under Section 3—1 shall immediately make a reasonable attempt to notify the parent ***; and the officer shall without unnecessary delay take the minor to the nearest juvenile police officer designated for such purposes in the county of venue or shall surrender the minor to a juvenile police officer in the city or village where the offense is alleged to have been committed. The minor, if not released, shall be delivered without unnecessary delay to the court or to the place designated by rule or order of court for the reception of minors." Ill. Rev. Stat. 1971, ch. 37, par. 703—2.

Section 2—7 of the Juvenile Court Act describes the duties of the prosecutor and the judge with respect to the prosecution of a juvenile under the criminal laws. In 1971 it provided:

"(1) Except as provided in this Section, no boy who was under 17 years of age *** at the time of the alleged offense may be prosecuted under the criminal laws of this State ***.

304

\* \* \*

(3) If a petition alleges commission by a minor 13 years of age or over of an act which constitutes a crime under the laws of this State, the State's Attorney shall determine the court in which that minor is to be prosecuted; however, if the Juvenile Court Judge objects to the removal of a case from the jurisdiction of the Juvenile Court, the matter shall be referred to the chief judge of the circuit for decision and disposition. If criminal proceedings are instituted, the petition shall be dismissed insofar as the act or acts involved in the criminal proceedings are concerned. Taking of evidence in an adjudicatory hearing in any such case is a bar to criminal proceedings based upon the conduct alleged in the petition." Ill. Rev. Stat. 1971, ch. 37, par. 702—7.

The trial court was of the opinion that once the State's Attorney had obtained an indictment, and thus indicated his decision that the juvenile should be prosecuted criminally, the court had no power to interfere with that determination. The majority opinion of the appellate court approved that conclusion.

We do not agree with this interpretation. The governing statute forbade the criminal prosecution of any boy under the age of 17 "Except as provided in this Section." The discretion which the statute gave to the State's Attorney to decide in what manner to proceed against the juvenile was expressly conditioned upon the filing of a petition which alleged the commission of a crime: "If a petition alleges commission \*\*\* of an act which constitutes a crime under the laws of this State, the State's Attorney shall determine the court in which that minor is to be prosecuted; \*\*\*." (Ill. Rev. Stat. 1971, ch. 37, par. 702—7.) The prohibition against criminal prosecution of juveniles continued until the juvenile had been brought before the juvenile court upon a petition. The section then authorized the chief judge to overrule the prosecutor's determination if the juvenile court judge objected to the transfer of the case for criminal prosecution. The legislative intention that the ultimate determination was to be a

judicial one is emphasized by section 2—8, which prohibits law-enforcement officers from transmitting fingerprints or photographs of a juvenile "unless the court in proceedings under this Act authorizes the transmission or enters an order under section 2—7 *permitting* the institution of criminal proceedings." (Emphasis supplied.) Ill. Rev. Stat. 1971, ch. 37, par. 702—8; see *People v. McCalvin* (1973), 55 Ill.2d 161, 167.

Because of the failure to comply with the requirements of the Juvenile Court Act, the judgments of the circuit and appellate courts are reversed and the cause is remanded to the circuit court of Cass County.

*Reversed and remanded.*