THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* LYDELL CURRY, Defendant-Appellant.

(No. 74-146; )

Second District (1st Division)—September 22, 1975.

Cornelius E. Toole, of Chicago, for appellant.

James M. Carr, State's Attorney, of Sycamore (James W. Jerz and Edward N. Morris, both of Illinois State's Attorneys Association, of counsel), for the People.

Mr. PRESIDING JUSTICE SEIDENFELD delivered the opinion of the court:

The defendant Lydell Curry, 14 years of age, was arrested upon charges of murder and burglary. His case was transferred for trial as an adult. Upon defendant's plea of guilty to both charges he was given concurrent sentences of 5-15 years' imprisonment for burglary and 14-20 years for murder. He appeals, claiming that his right to equal protection of the law was abridged because the case of his codefendant, Alva Stiff, also a 14-year-old juvenile, was not similarly transferred for trial to the adult division of the court. He argues that the only substantial distin-

guishing circumstance between himself and Stiff is that he is black while Stiff is white.

We find no merit in this contention. From our examination of the whole record we conclude that the findings of the trial judge after a full hearing fully complied with the factors to be considered specifically in section 2—7(3)(a) of the Juvenile Court Act (Ill. Rev. Stat. 1973, ch. 37, par. 702—7(3)(a)).[1] In a combined detention and transfer hearing for the defendant and his codefendant, the judge made findings of fact which were supported by clear proof.

He found first that there was sufficient evidence upon which a grand jury might be expected to return an indictment. (Ill. Rev. Stat. 1973, ch. 37, par. 702—7(3)(a)(1).) In a voluntary statement made to the police, defendant admitted that he entered the house and, after hearing no response to his knock, pulled out a .22-calibre pistol, cocking the hammer. He entered a bedroom and when he heard the woman victim say "something like 'Hi' * * * the gun went off." Alva Stiff gave a statement which added details. He said that Curry, earlier in the day, had told him that he was "blood thirsty" and that he felt like killing someone. Defendant had asked Stiff if he had enough nerve to point the gun at someone and pull the trigger to which Stiff said he answered "no." Stiff said that Curry told him that the woman saying "hi" to him scared him and that he shot her. There was also testimony that Curry had stolen the murder weapon and had asked another person to accompany him on a burglary before he had asked Alva Stiff.

The evidence also clearly supports the judge's finding that the circumstances showed that the alleged offense was committed in an aggressive and premeditated manner (Ill. Rev. Stat. 1973, ch. 37, par. 702—7(3)(a)(2)), and that the age and maturity of the minor did not prevent the transfer (Ill. Rev. Stat. 1973, ch. 37, par. 702—7(3)(a)(3)).

The previous history of the minor gathered from the various reports in evidence showed that there had been a psychiatric recommendation the previous summer that defendant be committed to the Department of

---

[1] Ill. Rev. Stat. 1973, ch. 37, par. 702—7(3)(a):
"* * * (1) whether there is sufficient evidence upon which a grand jury may be expected to return an indictment; (2) whether there is evidence that the alleged offense was committed in an aggressive and premeditated manner; (3) the age of the minor; (4) the previous history of the minor; (5) whether there are facilities particularly available to the Juvenile Court for the treatment and rehabilitation of the minor; and (6) whether the best interest of the minor and the security of the public may require that the minor continue in custody or under supervision for a period extending beyond his minority. * * *"

Corrections for a long term of treatment based on factors of poor impulse control, little tolerance for frustration, need for immediate gratification, failure to assume any responsibilities for his actions and, in general, "antisocial" conduct (Ill. Rev. Stat. 1973, ch. 37, par. 702—7(3)(a)(4)).

Further, the record shows that the judge considered the facilities available to the juvenile court for treatment and rehabilitation of the minor (Ill. Rev. Stat. 1973, ch. 37, par. 702—7(3)(a)(5)), and that he also considered whether the best interests of the minor and the security of the public required that the minor continue in custody or under supervision to extend beyond his minority. (Ill. Rev. Stat. 1973, ch. 37, par. 702—7(3)(a)(6).) Both considerations support the transfer order in our view.

██ The defendant argues that there is no evidence that defendant's conduct could be characterized as aggressive, premeditated or wilful and that defendant as well as Stiff should have been treated as a juvenile. The basic argument of defendant appears to be that Alva Stiff was treated differently when allegedly there were no differences in the circumstances of the two youths. We cannot agree. In the very thorough consideration which the court gave to the basic differences between the two juveniles there is no hint that the court was being motivated by racial attitudes. The nature of Alva Stiff's complicity in the crime compared to that of defendant and the comparative psychological profiles clearly account for the differences in treatment. It fully appears that Stiff, although subject to temper tantrums and lack of control over himself, was a somewhat passive follower who could be manipulated by others, while the defendant was characterized in the reports as a "manipulator." Alva Stiff was afraid to carry or shoot a gun and testified that he did not go further than the rear door of the house. The judge found that Alva Stiff had no intent to harm, and that he voluntarily went to the police. The judge concluded that Stiff was willing to accept responsibility for his conduct and that he was in general not a security problem as contrasted to the defendant.

██ Whether a minor is to be treated under the provisions of the Juvenile Court Act or is to be prosecuted as an adult is a judicial matter involving discretion. (See *People v. Rahn* (1974), 59 Ill.2d 302, 304-5; *People v. Jiles* (1969), 43 Ill.2d 145, 149.) The judge's findings are not against the manifest weight of the evidence and show a proper exercise of the court's discretion.

The record further does not support a constitutional due process argument based on alleged unequal treatment of the codefendants. Defendant does not claim that there were nonjurisdictional errors but in any

event his voluntary plea of guilty would waive all such claims. See *People v. Stanley* (1972), 50 Ill.2d 320, 321-22.

The judgment is therefore affirmed.

Affirmed.

GUILD and HALLETT, JJ., concur.