UNITED STATES of America ex rel. Willie WATSON et al., Petitioners-Appellants,

v.

Vernon HOUSEWRIGHT, Warden, et al., Respondents-Appellees.

Nos. 75–1468, 75–1496, 75–1497 and 75–1560.

United States Court of Appeals, Seventh Circuit.

Argued Oct. 24, 1975.

Decided Nov. 25, 1975.

Kenneth L. Jones, Chicago, Ill., for petitioners-appellants.

William J. Scott, Atty. Gen., Anne Taylor, Asst. Atty. Gen., Chicago, Ill., for respondents-appellees.

Before CLARK, Associate Justice,* and CUMMINGS and PELL, Circuit Judges.

* Associate Justice Tom C. Clark, United States Supreme Court, Retired, sitting by designation.

1. Willie Watson pled guilty to the charge of murder; Jesse Campos, Jr., pled guilty to arm-

PER CURIAM:

These habeas corpus petitions filed pursuant to 28 U.S.C. § 2254, attack the respective felony convictions of each of the petitioners for criminal offenses under Illinois statutes.[1] At the time of Good's entry of his plea of guilty in 1965, Watson's in 1968, and at the time of Robinson's conviction in 1971, each petitioner was seventeen years of age and was thus prosecuted as an adult pursuant to the Juvenile Court Act, Ill.Rev. Stat. ch. 37, § 702–7(1) (1965), or, in Good's case, pursuant to prior law, Ill. Rev.Stat. ch. 23, § 2001 et seq. (1963). The Act provided that:

> "Criminal Prosecutions Limited. (1) Except as provided in this Section, no boy who was under 17 years of age or girl who was under 18 years of age at the time of the alleged offense may be prosecuted under the criminal laws of this State . . ."

This age distinction between the sexes was eradicated by the Illinois General Assembly in 1972 when the section was amended to prohibit adult prosecution of any minor "who was under 17 years of age at the time of the alleged offense . . ." Ill.Rev.Stat. ch. 37, § 702–7(1) (1973). Campos, the fourth petitioner, entered a guilty plea in 1973 as an adult under the provisions of the amended Act.

Petitioners argue that the original Act, allowing boys over seventeen to be prosecuted as adults while girls could not be so prosecuted until they reached eighteen, violated the equal protection clause of the Fourteenth Amendment. Reed v. Reed, 404 U.S. 71, 92 S.Ct. 251, 30 L.Ed.2d 225 (1971); Stanley v. Illinois, 405 U.S. 645, 92 S.Ct. 1208, 31 L.Ed.2d 551 (1972). The district court avoided this constitutional challenge by holding that the judicial expansion of the equal protection standards would not operate

ed robbery; Earl Good pled guilty to voluntary manslaughter; Lonnell Robinson was convicted in a jury trial of armed robbery and rape.

retroactively. The district court's unpublished memorandum opinion specifically referred to the standards for retroactivity set out in *Linkletter v. Walker,* 381 U.S. 618, 85 S.Ct. 1731, 14 L.Ed.2d 601 (1965); *United States ex rel. Shott v. Tehan,* 382 U.S. 406, 86 S.Ct. 459, 15 L.Ed.2d 453 (1966), and *Michigan v. Payne,* 412 U.S. 47, 51, 93 S.Ct. 1966, 36 L.Ed.2d 736 (1973), in making its determination. Thus, Good and Watson's guilty pleas and Robinson's conviction remain unaffected by the later sex-classification cases because the holdings do not relate to the very integrity of the factfinding process.[2]

As to Campos, who was prosecuted and who entered a guilty plea after the effective date of the 1972 amendment to the Act, the district court made a different analysis. The court found that old law was not applicable and that the legislature had already made "an express legislative preference" for the age of seventeen as to both boys and girls. Thus, in the district court's view, the over-inclusiveness of the old law was of no consequence in Campos's conviction. *People v. Ellis,* 57 Ill.2d 127, 311 N.E.2d 98 (1974). We agree with both dispositions and affirm.

*1. The Jurisdictional and Other Claims of the Respondent, the State of Illinois:*

■ Illinois interposes an objection to the jurisdiction of this Court to hear the appeal, alleging that petitioners are not presently in custody under any violation of the Constitution or laws or treaties of the United States. Admittedly, petitioners are at present in the custody of the state of Illinois, and the nature of their incarceration as well as its duration springs directly from the alleged discriminatory scheme which prevented them from being prosecuted as juveniles and which petitioners claim was violative of

their 14th Amendment rights under the equal protection clause. This is, we believe, a quite sufficient basis for establishing our jurisdiction. Also, we do not find persuasive the argument that petitioners intelligently waived their rights to juvenile treatment by their pleas to adult offenses.

*2. The Claim of Petitioners:*

■ Simply stated, the petitioners assert that the age of criminal responsibility must be the same for all of us, male and female. Present law agrees with this contention. *People v. Ellis,* 57 Ill.2d 127, 311 N.E.2d 98 (1974); *Lamb v. Brown,* 456 F.2d 18 (10th Cir. 1972); Cf. *Stanton v. Stanton,* 421 U.S. 7, 95 S.Ct. 1373, 43 L.Ed.2d 688 (1975). But the rub sets in because the courts have found the rule of these cases to be prospective, *People v. Ellis, supra,* 57 Ill.2d at p. 134, 311 N.E.2d 98, and *Lamb v. Brown, supra* at p. 20. See generally, *Linkletter v. Walker,* 381 U.S. 618, 639, 85 S.Ct. 1731, 14 L.Ed.2d 601 (1965); *United States ex rel. Shott v. Tehan,* 382 U.S. 406, 415–19, 86 S.Ct. 459, 15 L.Ed.2d 453 (1966); *Michigan v. Payne,* 412 U.S. 47, 51–57, 93 S.Ct. 1966, 36 L.Ed.2d 736 (1973). Petitioners' arguments against the principles announced in these cases are unpersuasive. Accordingly, we decline to reverse the decision by the court below to deny habeas relief to petitioners Good, Robinson, and Watson.

■ Nor is Campos entitled to any relief. The statutory revision of the Family Court Act, Ill.Rev.Stat. ch. 37, § 702–7(1) (1973), did not alter the treatment given seventeen year-old males. It merely provided that the challenged statute was over-inclusive as to girls over 17 years of age. See *People v. Ellis, supra,* 57 Ill.2d at 134, 311 N.E.2d 98. As the trial judge here reasoned, the judiciary should lend itself to the repairing of the legislative framework if it can

---

**2.** Also important to the district court's resolution of the petitions was its determination that the constitutionality of the statute was unquestioned prior to the expansion in *Reed* and

*Stanley. People v. Pardo,* 47 Ill.2d 420, 265 N.E.2d 656 (1970), *appeal dismissed for want of a substantial federal question,* 402 U.S. 992, 91 S.Ct. 2179, 29 L.Ed.2d 158 (1971).

be done without impairment of other goals. Whether the challenged statute involved here is over-inclusive as to girls or under-inclusive as to boys should be decided in accordance with the intent of the legislature. In adopting the uniform criteria of under 17 years of age for the applicability of the Family Court Act, the legislature has expressed its intent. It clearly chose to reduce the inclusiveness of the Act as to girls. That decision in itself is a more than sufficient basis for us to uphold the convictions of these four male petitioners.

Affirmed.