THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
JOSEPH GRIFFIN, Defendant-Appellant.

First District (3rd Division)    No. 76-568

Opinion filed March 29, 1978.

David Mejia, of State Appellate Defender's Office, of Chicago, for appellant.

Bernard Carey, State's Attorney, of Chicago (Laurence J. Bolon, Joan S. Cherry, and Pamela L. Gray, Assistant State's Attorneys, of counsel), for the People.

Miss JUSTICE McGILLICUDDY delivered the opinion of the court:
This appeal arises following the conviction of the defendant, Joseph Griffin, for the murder of Leo Williams. (Ill. Rev. Stat. 1973, ch. 38, par. 9—1(a)(1).) Judgment was entered on the jury's verdict of guilty and the defendant was sentenced to a term of imprisonment in the penitentiary for not less than 20 years and not more than 40 years. The defendant claims that the Circuit Court of Cook County erred in not granting his

motion to dismiss the indictment on the grounds that he was denied his right to a speedy trial in violation of the Constitution of the United States (U.S. Const., amends. VI, XIV) and the Constitution of the State of Illinois (Ill. Const. 1970, art. I, §8). No other issues have been presented.

On September 8, 1973, the defendant was arrested for the murder of Leo Williams. The killing occurred during the early morning hours on that day. From September 8 to December 21, 1973, the defendant was held in custody. After several continuances a preliminary hearing was held on December 21. The trial court determined that the State failed to establish probable cause that the defendant had committed the offense and Griffin was discharged. On the same day he was discharged, the defendant demanded trial.

On or about December 25, 1973, an investigator for the State's Attorney's office was assigned to locate witnesses who failed to appear at the preliminary hearing. Grand jury subpoenas were sent to the last known address of the witnesses; however, the subpoenas were returned with the notation that the witnesses did not live at the address shown thereon. A new address was secured through a relief agency and the subpoenas were reissued. The witnesses appeared at the January 16, 1974, session of the grand jury and presented their testimony at that time.

The assistant State's attorney in charge of the case at the time of the witnesses' testimony before the grand jury ordered a transcript of the grand jury proceedings in order to review the testimony before seeking an indictment. He testified during the hearing on the motion to dismiss the indictment that it was the policy of the State's attorney's office to review the transcript before asking for an indictment. The investigator assigned to the case testified that there was considerable delay in securing a copy of the transcript, even though he re-ordered it each and every week until it finally arrived in June 1974. At this time another assistant State's attorney recommended in a file memorandum to the chief of the criminal division of the State's Attorney's office that an indictment be sought. Thereafter, it was noticed that the witnesses had identified the defendant as "Black Jesus." On July 24, 1974, the State presented to the grand jury the testimony of the investigating police officer. This new testimony indicated that the party identified by the other witnesses as "Black Jesus" was, in fact, Joseph Griffin.

The indictment of the defendant for the murder of Leo Williams was voted on July 24, 1974, and filed in the circuit court on July 30. On August 9, 1974, the defendant was again arrested for the offense of murder. The defendant filed his motion to dismiss the indictment on February 20, 1975. The motion asserted that he was denied his right to a speedy trial as guaranteed under provisions of the Federal and State constitutions. The motion was denied on May 19, 1975, and the defendant again demanded

trial. The trial began in August 1975 and resulted in a mistrial on the 28th of that month. The second trial concluded on October 23, 1975, at which time the defendant was found guilty of murder.

In denying the defendant's motion to dismiss the indictment, the circuit court indicated that the original charges had been dismissed for want of probable cause and no charges were pending against the defendant from December 21, 1973, to July 30 of the following year. The court distinguished this situation from one in which charges are voluntarily stricken on the State's motion with leave to reinstate. In the latter case the charges continue to lie against the accused, albeit in a dormant state, and they may be resurrected upon the State's motion at any time. Because such a procedure occurs upon the State's motion and does not effectively terminate a prosecution upon the initial charges, it has been held that the statutory speedy trial term continues to run after the charges have been stricken with leave to reinstate as long as the defendant demands trial. *People v. Baskin* (1967), 38 Ill. 2d 141, 230 N.E.2d 208; *People v. Nelson* (1962), 25 Ill. 2d 38, 182 N.E.2d 704; Ill. Rev. Stat. 1973, ch. 38, par. 103—5.

Two recent decisions of this court support the distinction made by the circuit court in this case. (*People v. Toney* (1978), 58 Ill. App. 3d 364, 374 N.E.2d 695; *People v. Gimza* (1977), 56 Ill. App. 3d 477, 371 N.E.2d 1135.) These cases hold that the statutory right to a speedy trial is not violated when the accused is tried for an offense more than 160 days following a dismissal for want of probable cause at a preliminary hearing on the same or related offense. The cases further hold that a demand for trial made by the accused following the discharge at preliminary hearing is not effective to require the State to proceed toward indictment and trial within the statutory term.

■■ Under *Toney* and *Gimza*, the demand for trial made by the defendant in this case on December 21, 1973, must be considered meaningless within the terms of the speedy trial statute. Moreover, the record is free of any indication that the statute was violated as a result of delays occurring before December 21, 1973, or after July 30, 1974. However, the defendant's motion asserted the denial of constitutional rights to a speedy trial, and in this respect the crux of the argument is that the State was not justified in delaying the indictment upon notice that the defendant had demanded trial at the conclusion of the preliminary hearing.

■■ Ordinarily, compliance with the statutory provisions implementing the right to a speedy trial will prevent constitutional questions from arising. (*People v. Anderson* (1973), 53 Ill. 2d 437, 292 N.E.2d 364; *People v. Nowak* (1970), 45 Ill. 2d 158, 258 N.E.2d 313.) Nevertheless, the statutory right is not necessarily co-extensive with the constitutional requirements. *People v. Nowak.*

██ Four factors have been set forth as being relevant to the consideration of whether the constitutional assurance of a speedy trial has been violated: (1) the reason for delay; (2) the length of the delay; (3) the prejudice to the accused, and (4) whether the accused has waived the right. (*Barker v. Wingo* (1972), 407 U.S. 514, 33 L. Ed. 2d 101, 92 S. Ct. 2182; *People v. Canaday* (1971), 49 Ill. 2d 416, 275 N.E.2d 356; *People v. Henry* (1970), 47 Ill. 2d 312, 265 N.E.2d 876; *People v. Tetter* (1969), 42 Ill. 2d 569, 250 N.E.2d 433; *People v. Toney.*) While the length of the delay involved in the instant case was beyond the statutory term of 160 days (Ill. Rev. Stat. 1973, ch. 38, par. 103—5(b)), and the record reveals that the defendant had demanded trial, these factors would not support a holding that the constitutional guarantees have been denied where the delay was legitimate and no prejudice to the accused was suffered.

The delay in the indictment was due to the inability of the State's Attorney's office to secure a transcript of the grand jury proceedings. In this regard the trial court noted in its findings that "any delay occasioned was in fact caused by the great burden to the court reporters and their inability to get the transcript out timely in this matter." There is no indication that the State's Attorney's Office was not diligent in its attempt to secure the transcript, or that its need for the transcript was unfounded. Upon receipt of the transcript the prosecutor proceeded in obtaining the indictment in a timely manner.

The trial court also expressly found that the discharge of the defendant upon preliminary hearing did not result from an effort by the State to avoid the statutory speedy trial provisions. Delay of the trial subsequent to the indictment was in large part caused or acquiesced in by the defendant. With respect to prejudice to the accused as a result of the delay in the indictment the observations of the court in *Toney* apply equally to the case at bar:

> "During the interval between discharge and indictment, the defendant was not subject to any of the disabilities of arrest, criminal charges or prosecution. The charges against the defendant were dismissed. The State was no longer asserting probable cause against him. He was neither in custody nor subject to reinstatement of the same charges. The defendant, in the eyes of the community, had been exonerated of the charges." 58 Ill. App. 3d 364, 369.

Accordingly, there being no error in the denial of the defendant's motion to dismiss the indictment, the judgment of conviction entered by the Circuit Court of Cook County is affirmed.

Judgment affirmed.

McNAMARA and SIMON, JJ., concur.