THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
IRIS NICHOLS, Defendant-Appellant.

Third District   No. 76-295

Opinion filed June 14, 1978.

920

STENGEL, P. J., specially concurring.

Robert Agostinelli and Mary Robinson, both of State Appellate Defender's Office, of Ottawa, for appellant.

James E. Hinterlong and Linda M. Vodar, both of State's Attorneys Appellate Service Commission, of Ottawa, for the People.

Mr. JUSTICE BARRY delivered the opinion of the court:

This appeal was initiated by the defendant, Iris Nichols, from the judgment of the Circuit Court of Kankakee County, convicting the defendant of forgery and theft by deception and sentencing her to a term of imprisonment of not less than 1 nor more than 5 years. The indictment charging the defendant with committing these offenses on January 14, 1972, was returned on August 2, 1972. On the same date, the trial court ordered the indictment suppressed, and a criminal capias was issued. The capias was not returned until May 23, 1975.

A motion to dismiss the indictment on the ground that the defendant was denied the right to a speedy trial was filed. However, that motion was denied and the cause proceeded to a jury trial.

Prior to the jury's return of a verdict, the defendant moved for a mistrial or, in the alternative, for a dismissal of the indictment. Since the defendant was only 17 at the time she allegedly committed the offense, she contended that the State neglected to fulfill the statutory provisions for the prosecution of a juvenile pursuant to section 2—7 of the Juvenile Court Act (Ill. Rev. Stat. 1975, ch. 37, par. 702—7). The trial court took the motion under advisement. After the jury returned the guilty verdicts, a hearing was had on the motion. A certified copy of the defendant's birth certificate was admitted into evidence and indicated her date of birth to be June 11, 1954. The State conceded that it neither petitioned the juvenile court in this cause nor gave notice to the juvenile court. Nevertheless, the trial court, relying on *People v. Ellis* (1974), 57 Ill. 2d 127, 311 N.E.2d 98, denied the defendant's motion.

■■ Unless a petition, alleging the commission of an offense, is filed in the juvenile court, thereby giving the juvenile court judge an opportunity to object to a State's Attorney's determination of the court in which the minor is to be prosecuted, a juvenile can not be tried in a criminal proceeding. (*People v. Rahn* (1974), 59 Ill. 2d 302, 319 N.E.2d 787.) Since the State argues that the interpretation of the law at the time of the indictment, pre-*Rahn*, allowed a State's Attorney more discretion to determine in which court to try a minor, the State implies that *Rahn* affects a substantive right and can not be applied retroactively. This argument is inconsistent with the State's express contention that the defendant can not challenge the trial court's retroactive application of *Ellis* because that case affects a procedural, rather than a substantive, right. However, we need not decide whether *Rahn* is a change of procedural or substantive rights because we find that a State's Attorney had no greater discretion before *Rahn* than he had afterwards. To exercise the discretion to determine in which court a minor was to be tried, a State's Attorney must have filed a petition in juvenile court. The cases cited by the State hold that the juvenile court need not have a hearing on

the petition, but in both of those cases a petition was filed. Compare *People v. Rahn* (1974), 59 Ill. 2d 302, 319 N.E.2d 787, with *People v. Handley* (1972), 51 Ill. 2d 229, 282 N.E.2d 131, and *People v. Bombacino* (1972), 51 Ill. 2d 17, 280 N.E.2d 697.

■■   Although the trial court recognized the appropriate procedure, it chose not to declare a mistrial. The trial court's rationale was that the *Ellis* opinion declared unconstitutional the statutory classification of 17-year-old males as adults while classifying 17-year-old females as minors. The Illinois Supreme Court concluded that section 2—7 is inapplicable to females, as well as males, 17 years of age or over. Since the defendant was 17 at the time of the alleged offenses, the trial court applied *Ellis* to allow the trial of the defendant as an adult, and thereby avoiding the need to comply with the procedure prescribed by section 2—7. It has been stated that the rule in *Ellis* is to be applied prospectively. (*United States v. Housewright* (7th Cir. 1975), 528 F.2d 259.) Because of the *Ellis* decision's effect on substantive rights, we must agree.

■■ ■   Procedural statutes affecting substantive rights are not to be applied retroactively. (See *Hogan v. Bleeker* (1963), 29 Ill. 2d 181, 193 N.E.2d 844.) Although the ex post facto clauses of the United States Constitution (art. I, §9, cl. 3; art. I, §10, cl. 1) are limitations on the power of the legislature, the underlying principle, that persons have a right to a fair warning of what conduct will give rise to criminal penalties, is fundamental to the concept of constitutional liberty, and therefore, that right is similarly protected against judicial action by reason of the due process clause. (*Marks v. United States* (1977), 430 U.S. 188, 51 L. Ed. 2d 260, 97 S. Ct. 990; *Bouie v. Columbia* (1964), 378 U.S. 347, 12 L. Ed. 2d 894, 84 S. Ct. 1697.) Generally, the prohibition against ex post facto laws will not be considered violated unless legislation: makes criminal an act that was innocent when done; increased the punishment for a previously committed offense; altered the rules of evidence in order to convict the defendant; or deprived the defendant of substantive rights or defenses available at the time of the offense. *People v. Anderson* (1973), 53 Ill. 2d 437, 292 N.E.2d 364.

■■   Because the punishment which a juvenile court may impose is more restricted, and less severe, than that which may be imposed under the criminal laws of Illinois, we believe that *Ellis* must be applied prospectively and that the trial court in this case erred by refusing to grant a mistrial. However, we can not agree with the defendant that the indictment should have been dismissed because the trial court lacked jurisdiction. The juvenile court is merely a branch of the circuit court and it is the circuit court, as a whole, which is vested with jurisdiction. Whether a person is to be tried in juvenile or criminal court is a matter of procedure. *People v. Shaw* (3d Dist. 1972), 3 Ill. App. 3d 1096, 279 N.E.2d 729.

■■ The State, pointing out that this issue was not raised in a post-trial motion, argues that it is waived. Generally the failure to raise an issue in a written post-trial motion is considered a waiver of the issue, the rationale being that the trial court ought to be informed of its mistake and given an opportunity to correct it. (*People v. Hammond* (5th Dist. 1977), 48 Ill. App. 3d 707, 362 N.E.2d 1361.) However, where an error affects a substantial right of the defendant, the reviewing court may take notice of it as plain error. (Ill. Rev. Stat. 1975, ch. 110A, par. 615(a).) We consider the error committed here to be plain error.

■■ Nevertheless, the State extends a second waiver argument. We agree that a defendant may waive the right to be tried in a juvenile court. Such a waiver may occur if the defendant either: waives an indictment and pleads guilty in criminal court on advice of counsel (*People v. Shaw* (3d Dist. 1972), 3 Ill. App. 3d 1096, 279 N.E.2d 729); in testifying, misrepresents his-or herself as having been an adult (*People v. Henderson* (1st Dist. 1971), 2 Ill. App. 3d 285, 276 N.E.2d 377); or fails to make age an issue. (*People v. Washington* (1st Dist. 1966), 81 Ill. App. 2d 901, 225 N.E.2d 472.) Since none of these situations occurred in this case, we can not agree with the State's argument.

An even more serious issue has been raised by the defendant. Was the defendant denied her right to a speedy trial? We believe so.

■■ The Sixth Amendment to the United States Constitution requires that, in all criminal prosecutions, the accused shall enjoy the right of a speedy trial. The Sixth Amendment has been applied to the States through the Fourteenth Amendment's due process clause. (*Klopfer v. North Carolina* (1967), 386 U.S. 213, 18 L. Ed 2d 1, 87 S. Ct. 988. See also *Dickey v. Florida* (1970), 398 U.S. 30, 26 L. Ed. 2d 26, 90 S. Ct. 1564.) Furthermore, the Illinois Constitution of 1970 indicates that, as a post-indictment right in a criminal prosecution, the accused has a right to a speedy trial. Ill. Const. 1970, art. I, §8.

■■ Again, the State urges us to consider this issue waived because of the defendant's failure to raise it in a post-trial motion. Because the right involved in this issue is fundamental to our system of justice, we believe the refusal of the trial court to dismiss the indictment was plain error.

The defendant's motion to dismiss alleged that, on the date of the offense, she temporarily resided in Chicago but returned to Kankakee County on April 2, 1972. From that time, until the trial, she lived in Kankakee County. Although residing at various addresses, she further alleged: that she never evaded the law enforcement agencies; that she had banking accounts in her married and her maiden names; that she was known to a number of law enforcement officers; that she received a traffic citation in the name of Iris Nichols and paid the fine at the clerk's office in the county courthouse; and that, to the best of her knowledge, she was in Chicago on the date of the offense, in the company of other persons

whose testimony as to the specific date would be difficult to establish due to the passage of time.

Except for the allegations that the defendant was known to certain police officers and that she was in Chicago and could not obtain witnesses, the State stipulated to the accuracy of the defendant's allegations. At the hearing on the motion to dismiss, Lieutenant William F. Scroggins of the Kankakee sheriff's office testified that the normal procedure was to file the capias alphabetically. However, he also testified that there was no special unit to enforce warrants and that the only way a law enforcement officer could determine whether an outstanding capias existed is by calling the sheriff's office during business hours and requesting a file search. The State's Attorney, after this testimony was presented, admitted that the delay was occasioned by "incompetence."

The incident giving rise to the action occurred on January 14, 1972. On August 2, 1972, the Kankakee County grand jury returned an indictment, which was suppressed, and a criminal capias was issued. The capias was not returned until May 23, 1975, and the cause did not proceed to trial until January 29, 1976. The only delay of which the defendant complains is the almost 33 months between the indictment and the arrest, even though the total delay between offense and trial is over 48 months. Nevertheless, the trial court denied the motion to dismiss.

In determining whether the defendant's right to a speedy trial has been denied, the analysis must begin at the time the defendant is first charged with an offense, whether by arrest or by the filing of a complaint or an indictment. *Dillingham v. United States* (1975), 423 U.S. 64, 46 L. Ed. 2d 205, 96 S. Ct. 303; *People v. Love* (1968), 39 Ill. 2d 436, 235 N.E.2d 819.

■■ Since preaccusation delay does not come within the purview of the Sixth Amendment, a defendant who is seeking to dismiss the action against him because of preindictment delay must prove actual prejudice by reason of the delay. (*United States v. Marion* (1971), 404 U.S. 307, 30 L. Ed. 2d 468, 92 S. Ct. 455.) However, it is a two-step process, for, if the State shows the reasonableness, if not the necessity, of the delay, the trial court must balance the interests of the defendant and the public. *United States v. Lovasco* (1977), 431 U.S. 783, 52 L. Ed. 2d 752, 97 S. Ct. 2044; *People v. Lawson* (1977), 67 Ill. 2d 449, 367 N.E.2d 1244 (supplemental opinion filed September 17, 1977).

Although the State would have us apply the standards developed in preaccusation cases, we believe different standards apply when the Sixth Amendment is invoked. The United States Supreme Court, through the opinion of Chief Justice Burger, has stated:

> "The right to a speedy trial is not a theoretical or abstract right but one rooted in hard reality in the need to have charges promptly exposed. If the case for the prosecution calls on the accused to

meet charges rather than rest on the infirmities of the prosecution's case, as is the defendant's right, the time to meet them is when the case is fresh. Stale claims have never been favored by the law, and far less so in criminal cases. Although a great many accused persons seek to put off the confrontation as long as possible, the right to a prompt inquiry into criminal charges is fundamental and the duty of the charging authority is to provide a prompt trial." (*Dicky v. Florida* (1970), 398 U.S. 30, 37-38, 26 L. Ed. 2d 26, 32, 90 S. Ct. 1564, 1568-69.)

The Illinois Supreme Court, while recognizing that a post-indictment, pretrial delay may "be so prolonged that it must be deemed to have prejudiced the accused" (*People v. Love* (1968), 39 Ill. 2d 436, 442, 235 N.E.2d 819, 823), has held that a 148-day delay, without a showing of actual prejudice to the defendant by the delay or a showing that the delay was intentionally oppressive or purposeful, was not constitutionally unreasonable. (*People v. Love* (1968), 39 Ill. 2d 436, 235 N.E.2d 819.) Nevertheless, the Illinois Supreme Court iterated that "delay before trial may be so prolonged that prejudice will be presumed and found without requiring a defendant to demonstrate that he was prejudiced." (*People v. Love* (1968), 39 Ill. 2d 436, 443, 235 N.E.2d 819, 823.) Recently, that court has related four factors to be considered in determining whether there has been a breach of the constitutional right to a speedy trial: The length of delay; the reasons for the delay; the prejudice to the defendant; and whether the defendant may be considered as having waived the right. *People v. Bazzell* (1977), 68 Ill. 2d 177, 369 N.E.2d 48.

■■ The delay in this case is exceedingly long, the reasons therefor were described by the prosecutor as "incompetence," and we have determined there was no waiver. In addition, we believe that, in the case at bar, the delay was so prolonged that prejudice to the defendant should be presumed. Accordingly, the judgment of the Circuit Court of Kankakee County is reversed and the indictment dismissed.

Reversed and indictment dismissed.

STOUDER, J., concurs.

Mr. PRESIDING JUSTICE STENGEL, specially concurring:

I do not believe, as the majority opinion does, that the Sixth Amendment is involved. Most courts of appeal have recognized the Sixth Amendment right to a speedy trial only after a prosecution has been formally begun. Typical of this is Illinois statute on speedy trial. (See Ill. Rev. Stat. 1977, ch. 38, par. 103—5(a): "Every person *in custody* in this State for an alleged offense shall be tried by the court having jurisdiction

within 120 days from the date he was taken *into custody* * * *." (Emphasis added.)) I decline to extend the reach of the law to the period prior to arrest. There is no constitutional right to be arrested. See *United States v. Marion* (1971), 404 U.S. 307, 30 L. Ed. 2d 468, 92 S. Ct. 455.

I disagree with the conclusion reached that prejudice to the defendant should be presumed. I believe the defendant has a duty to come forth with a clear showing of actual and substantial prejudice. (See *People v. Lawson* (1977), 67 Ill. 2d 449, 367 N.E.2d 1244.) Because the State neither petitioned nor notified the juvenile court before bringing adult criminal charges against the defendant, I agree that this was plain error since *Ellis* has only prospective application. Hence I concur in the result.