THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* DAVID OVERTURF, Defendant-Appellant.

Third District   No. 3—83—0547

Opinion filed March 16, 1984.

STOUDER, J., specially concurring.

Robert Agostinelli and Thomas A. Lilien, both of State Appellate Defender's Office, of Ottawa, for appellant.

John A. Barra, State's Attorney, of Peoria (John X. Breslin and John M. Wood, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

JUSTICE HEIPLE delivered the opinion of the court:

Following a jury trial in Peoria County, the defendant, David Overturf, was convicted for the offense of armed robbery. The issue on appeal is whether the defendant was denied due process of law due to a delay of 43 months between the date of the offense and the date when the defendant was charged.

The robbery occurred on May 27, 1979. However, the defendant was not arrested and indicted until January 4, 1983. The intervening delay was caused when the defendant fled to Florida in July of 1979 after being asked by the Peoria police department to participate in a lineup. While in Florida, the defendant was convicted of other offenses and was incarcerated. Upon learning of the defendant's arrest and incarceration in Florida, Illinois authorities closed his file. In the fall of 1982, after the defendant was released from prison in Florida, the Peoria County State's Attorney filed an information charging the defendant with armed robbery.

The defendant argues that the 43-month pre-indictment delay resulted in substantial prejudice and a denial of due process. The State responds that the defendant has failed to satisfy the test set forth by the Illinois Supreme Court in *People v. Lawson* (1977), 67 Ill. 2d 449, to determine if a pre-indictment delay violated a defendant's due process rights:

"Where there has been a delay between an alleged crime and indictment or arrest or accusation, the defendant must come forward with a clear showing of actual *and* substantial prejudice. Mere assertion of inability to recall is insufficient. If the accused satisfies the trial court that he or she has been substantially prejudiced by the delay, then the burden shifts to the State to show the reasonableness, if not the necessity, of the delay.

If this two-step process ascertains both substantial prejudice and reasonableness of a delay, then the court must make a determination based upon a balancing of the interests of the defendant and the public. Factors the court should consider, among others, are the length of the delay and the seriousness of the crime." 67 Ill. 2d 449, 459.

Despite the explicit requirement of a clear showing of actual and substantial prejudice, the defendant failed to present any evidence of actual prejudice. He chose instead to rely on a presumption of prejudice purportedly authorized by *People v. Gulley* (1980), 83 Ill. App. 3d 1066.

In *Gulley*, this court noted that a 51-month pre-indictment pre-ar-

rest delay causes great suspicion and a presumption that the delay was prejudicial (83 Ill. App. 3d 1066, 1069.) Prejudice was also presumed in *People v. Nichols* (1978), 60 Ill. App. 3d 919, which involved a 33-month delay between indictment and arrest.

*People v. Nichols* (1978), 60 Ill. App. 3d 919, can be distinguished because it was concerned with a defendant's right to a speedy trial as guaranteed by the sixth amendment. This case involves pre-accusation which does not come within the purview of the sixth amendment and is governed by the separate standards found in the *Lawson* opinion. *People v. Nichols* (1978), 60 Ill. App. 3d 919, 924.

We also do not believe that *Gulley* permits a defendant to avoid the *Lawson* standard of actual prejudice by hiding behind a presumption. A careful reading of *Gulley* reveals that despite the court's reference to a presumption of prejudice (based on the inapposite authority of *Nichols*), it was actually relying upon a well-articulated showing of actual and substantial prejudice which was amply supported by the record. (*People v. Gulley* (1980), 83 Ill. App. 3d 1066, 1070.) That was the true basis for the court's decision and is the only solution which is consistent with *Lawson*. Unlike *Gulley*, the record in the present case contains no evidence of actual and substantial prejudice.

The defendant's fallback position is that after he ran away to Florida, he had no reason to believe that he was still a suspect and therefore did not attempt to contact witnesses or keep the date and events of the offense fresh in his mind. A mere assertion of inability to recall and resulting impairment of the ability to prepare a defense is insufficient to establish actual and substantial prejudice from pre-indictment delay. (*People v. DiBenedetto* (1981), 93 Ill. App. 3d 483.) This is especially true when a defendant is primarily responsible for causing the delay by fleeing the State in order to avoid an investigation.

At best, the defendant has demonstrated only a possibility of prejudice. That is not enough to shift the burden to the State to show the reasonableness, if not the necessity, of the delay. *People v. DiBenedetto* (1981), 93 Ill. App. 3d 483, 488.

The defendant has failed to satisfy the first part of the *Lawson* test. Accordingly, the judgment of the circuit court of Peoria County is affirmed.

Affirmed.

SCOTT, J., concurs.

JUSTICE STOUDER, specially concurring:

I concur with the result reached by my colleagues, but I do not agree completely with the reasons set forth to reach the result.

*People v. Lawson* (1977), 67 Ill. 2d 449, 367 N.E.2d 1244, is of course the leading case in Illinois dealing with fifth amendment due process violations which may result from preaccusatory delay. That *Lawson* requires an initial showing by the defendant of actual and substantial prejudice is undeniable. However, I believe the actual prejudice requirement of *Lawson* may be proved or shown by a presumption arising from the long period of delay between the alleged criminal act of the defendant together with the State's knowledge thereof and the bringing of the charge. I believe the effect of a long period of delay as discussed in *People v. Gulley* (1980), 83 Ill. App. 3d 1066, 404 N.E.2d 1077, is harmonious and consistent with the views set forth in *Lawson*, and accordingly I would not overrule the *Gulley* case as the majority purports to do. While *People v. Nichols* (1978), 69 Ill. App. 3d 919, 377 N.E.2d 815, does mention a sixth amendment problem, unreasonable delay adversely affecting the right to a speedy trial of an accused is still of some relevance since either in the context of a fifth or sixth amendment violation we are trying to resolve problems incident to delay.

Even though I believe that a long delay might give rise to a presumption or inference of actual or substantial prejudice as suggested in *People v. Gulley* (1980), 83 Ill. App. 3d 1066, 404 N.E.2d 1077, I do not believe the defendant can claim such effect in the instant case. First, he undeniably fled from the county and State to Florida knowing that he was suspected of committing the robbery. Second, the plaintiff can hardly claim prejudice when he failed to even make such an assertion until after he had been found guilty of the offense.

In conclusion, I do not believe the facts warrant the application of any claim of actual prejudice from the lapse of time when considered in the context of the defendant's own conduct.