THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* MICHAEL SHANNON, Defendant-Appellant.

(No. 61410;

First District (1st Division)—November 17, 1975.

Allen L. Wiederer, of State Appellate Defender's Office, of Chicago, for appellant.

Bernard Carey, State's Attorney, of Chicago (Laurence J. Bolon and John T. Theis, Assistant State's Attorneys, of counsel), for the People.

Mr. JUSTICE GOLDBERG delivered the opinion of the court:

After trial without a jury, Michael Shannon (defendant), was found guilty of attempt murder and sentenced to 5 to 15 years. He appeals and raises but one issue: his right to discharge under the statute implementing his constitutional right to speedy trial. Ill. Rev. Stat. 1973, ch. 38, par. 103—5.

Defendant was arrested on July 22, 1973, and has remained in custody since. He was indicted on September 28, 1973, and arraigned on October 18, 1973. The record also shows that on October 22, 1973, he answered ready for trial; on motion of the People the case was continued from November 6, 1973 to November 13, 1973, and again on the latter date to November 15, 1973. On November 15, 1973, defendant again answered ready. On motion of the State, trial was continued to November 19, 1973.

On November 19, 1973, the final day of the four month period, the

People presented a petition for an extension of time in accordance with the statute. (Ill. Rev. Stat. 1973, ch. 38, par. 103—5(c).) After a hearing the court granted the prayer of the petition and extended the time for commencement of trial for 35 days. Trial was finally commenced on February 15, 1974. On that date, the court denied a motion of defendant for discharge because of an alleged four-term violation.

The People's petition alleged that two designated police officers were material and essential witnesses and that the State's Attorney had "exercised due exertion to produce" them in court on November 19, 1973. The petition alleged that since November 13, 1973, several attempts had been made to locate these material witnesses without success.

At the hearing on the petition, a police department official testified that, on November 15, 1973, he was requested by the State's Attorney to make the two police officers available for the trial on November 19, 1973. He was unable to contact either of these officers because both had left on furlough on November 8, 1973, and were not scheduled to return until December 6, 1973. The request from the State's Attorney came to this witness on November 15, 1973, at approximately 2:30 p.m. He testified that police vacation schedules are made up 14 months in advance. The court also heard testimony that a person named Melvin Brown was an eyewitness to the incident involved. The court then passed the cause for further consideration.

When the matter was called again that same afternoon, another police official testified that he had ascertained that one of the officers was in Wisconsin and the other in Florida. The State's Attorney also informed the court that the remaining witness, Melvin Brown, was out of the city; the State had no address for him but did know what city he was in. The Assistant State's Attorney expressed the belief that if an extension were granted his office would ascertain the man's whereabouts and would have him back to testify.

■■ In considering the merits of the extension granted by the court, it must be recalled that the pertinent statute provides for granting an extension for an additional 60 days, "[i]f the court determines that the State has exercised without success due diligence to obtain evidence material to the case and that there are reasonable grounds to believe that such evidence may be obtained at a later day * * *." (Ill. Rev. Stat. 1973, ch. 38, par. 103—5(c).) The general principle is that extending time for securing material evidence rests in the discretion of the trial court and its ruling will not be disturbed on review absent "a clear abuse of that discretion." *People v. Morris,* 1 Ill.App.3d 566, 568, 274 N.E.2d 898.

Authorities cited by the parties require comment. In *People v. Wollen-*

*berg,* 37 Ill.2d 480, 229 N.E.2d 490, the Court pointed out that granting the petition for extension was within the discretion of the trial judge and it found no abuse of discretion. The complaining witness had been wounded and evidence showed that she was unable to testify on the date the petition for extension was filed. The court cited *People v. Poland,* 22 Ill.2d 175, 174 N.E.2d 804. In *Poland,* however, the actual issue was whether a continuance of the trial should have been granted. The court commented on the fact that the continuance was granted because there was no clear abuse of discretion. The recent case of *People v. Payne,* 30 Ill.App.3d 624, 332 N.E.2d 745, is important here only by analogy. It is not upon the same point as the case before us as it is concerned with the State's burden of proving due diligence in connection with the propriety of receiving in evidence a transcript of previous testimony by a missing witness. However, in *Payne* this court adhered to a reasonable concept of due diligence on the theory that undue relaxation of the standard required "would encourage laxity rather than diligence * * *" by the prosecution. 30 Ill.App.3d 624, 630.

In the case before us, we are impressed by the fact that it does not appear that any effort whatsoever was made to ascertain the availability of the two police eyewitnesses until the afternoon four days prior to trial. Defendant had answered ready for trial about a month before, on October 22, 1973. The cause was continued twice thereafter on motion of the State. On November 15, 1973, defendant answered ready once more. In our opinion, these belated efforts to locate these essential witnesses were not sufficient to constitute due diligence on the part of the State. This conclusion is particularly supported by the fact that the vacation schedules of these two witnesses were in existence months before defendant was arrested. As regards the third witness, Melvin Brown, no petition was filed by the State setting out his absence as a ground for an extension. The representations made to the court show that the first effort to obtain his attendance to testify was six days prior to the trial when investigators attempted to locate him for service of a subpoena. The record shows that some two and one half months prior to the trial the wife of the victim had ascertained that Brown had gone to St. Louis. ■■ The right to speedy trial is of basic constitutional importance as a shield against arbitrary and oppressive delay and incarceration. (*People v. Hairston,* 46 Ill.2d 348, 355, 263 N.E.2d 840, *cert. denied,* 402 U.S. 972, 29 L.Ed.2d 136, 91 S.Ct. 1658.) It is a fundamental protection guaranteed by State and Federal constitutions. The statute above cited is intended as a codification and an implementation of this basic right. (*People v. Spicuzza,* 57 Ill.2d 152, 154, 311 N.E.2d 112; *People v. Anderson,* 53 Ill.2d 437, 441, 292 N.E.2d 364.) In our opinion, the rights of this

defendant have been violated in the case before us. The only possible remedy for deprivation of these rights is discharge. *Strunk v. United States,* 412 U.S. 434, 37 L.Ed.2d 56, 93 S.Ct. 2260.

The judgment is reversed and the cause is remanded with directions to enter an order discharging the defendant.

Reversed and remanded with directions.

BURKE, P. J., and EGAN, J., concur.