THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. JAMES A. ROBINSON, Defendant-Appellant.

First District (1st Division)  No. 62477

Opinion filed August 16, 1976.

James J. Doherty, Public Defender, of Chicago (Deborah J. Gubin and David W. Hirschboeck, Assistant Public Defenders, of counsel), for appellant.

Bernard Carey, State's Attorney, of Chicago (Laurence J. Bolon, Iris E. Sholder, and Linda Dale Woloshin, Assistant State's Attorneys, of counsel), for the People.

Mr. JUSTICE O'CONNOR delivered the opinion of the court:

Defendant, James A. Robinson, appeals his conviction for voluntary manslaughter solely on the ground that he should have been discharged under the provisions of the Four Term Act (Ill. Rev. Stat. 1973, ch. 38, par. 103—5).

Defendant was arrested on December 19, 1973, and charged with the murder of June Robinson. On June 12, 1974, defendant answered ready

and demanded trial. The cause was continued several times on the State's motion until October 9, 1974. On that date, the State moved the court to extend the term 60 days pursuant to subsection (c) of the statute implementing defendant's constitutional right to a speedy trial (Ill. Rev. Stat. 1973, ch. 38, par. 103—5(c)). The prosecution argued that despite diligent efforts to prepare for trial on that date a material and essential witness, Eddie Lee Ruffins, was out of town. Defense counsel objected, denying that the witness was material and essential and arguing that the State had not acted diligently in procuring the witness' presence within the statutorily required 120-day period. The court extended the time to November 15, 1974, and set the matter down to be heard within 2 weeks in order to determine whether the witness had returned.

On October 28, 1974, defendant answered ready and demanded trial. The State's previously unavailable witness, Eddie Lee Ruffins, was discovered in the courtroom that morning but, due to some misunderstanding, was absent when the matter was called again at 1 p.m. that afternoon. At that time defendant renewed a prior motion for discharge and the cause was set for hearing on the motion and for trial on November 6, 1974. On November 4, 1974, defendant filed a motion for discharge under the Four Term Act.

On November 6, 1974, defendant's motion for discharge was denied. Trial was held and a jury found the defendant guilty of voluntary manslaughter. Defendant was sentenced to 4 to 20 years in the penitentiary.

Defendant argues that the trial court abused its discretion when it granted the State's motion for an extension on October 9, 1974, because the State failed to establish its diligence in securing the presence of its witness, Eddie Lee Ruffins, at trial.

Subsection (c) of section 103—5 provides:

> "If the court determines that the State has exercised without success due diligence to obtain evidence material to the case and that there are reasonable grounds to believe that such evidence may be obtained at a later day the court may continue the cause on application of the State for not more than an additional 60 days."

The granting of an extension under this subsection is within the discretion of the trial court and its determination will not be disturbed unless there is a clear abuse of discretion. *People v. Arndt* (1972), 50 Ill. 2d 390, 280 N.E.2d 230; *People v. Stephens* (1973), 13 Ill. App. 3d 642, 301 N.E.2d 89.

On October 9, 1974, when the State asked the court to extend the term in this case, its witness, Eddie Lee Ruffins, had gone to Pensacola, Florida, to care for her sister, who had been stricken critically ill. In the hearing on that date, State's Attorney's Investigator Richard Marchewka testified that on the previous week he had served a subpoena on Eddie Lee Ruffins,

who had visited the State's Attorney's office and had been interviewed as to the testimony she would give at trial. Subsequently, on October 7, 1974, she had telephoned the State's Attorney's office and informed the investigator that she had taken a 2-week leave from her employment in order to go to care for her ill sister. The State related that Eddie Lee Ruffins would testify she was working as a clerk in the emergency section of Provident Hospital when defendant, giving the fictitious name of Robert Tay, had brought June Robinson into the hospital. Defendant at that time told the witness he and others were driving through the park when they saw June Robinson on a park bench. He thought she had been "overdosed." Defendant and the others, who also gave fictitious names, brought her to the hospital. Some time later, the person who had identified himself as Robert Tay called the hospital and inquired as to the well-being of June Robinson. Eddie Lee Ruffins would also testify that she refused to give defendant any information over the phone and suggested that he come back to the hospital. He.did return to the hospital and she identified him for the police as defendant, James Robinson. With respect to the materiality of Eddie Lee Ruffins' testimony, evidence was presented that the toxicologist who examined the body of the deceased found no evidence of any narcotic substance. It was later determined that her death was the result of a severe beating.

Defendant contends that the State was not diligent because it did not bring this case to trial sooner and because it allowed Eddie Lee Ruffins to go to her sister's aid rather than requiring her to remain for defendant's trial. While we agree that a criminal trial should not be unnecessarily delayed, we find no mandate in the language of the Four Term Act (Ill. Rev. Stat. 1973, ch. 38, par. 103—5) which requires that a person held in custody be tried within a shorter period than 120 days. Furthermore, we find no merit in defendant's contention that the State's failure to bring this case to trial sooner should have been the determinative factor in the trial court's evaluation of the State's diligence. Manifestly, it was precisely for the type of unexpected delay here present that the legislature intended to provide in subsection (c).

In arguing lack of diligence, defendant points to the fact that in the hearing on the morning of October 28, 1974, the State's Attorney was not aware that Eddie Lee Ruffins was present in the courtroom. That fact is irrelevant because it is the trial court's action in granting the State an extension of time on October 9, 1974, which is before this court. The exercise of a trial court's discretion in granting an extension should be viewed in light of the situation as it existed at the time the matter was presented to the court and not as it might appear in retrospect or in view of subsequent events. (*People v. Poland* (1961), 22 Ill. 2d 175, 174 N.E.2d 804.) The record indicates that but for the unexpected departure of the

witness the trial would have commenced within the required 120-day period.

Defendant has relied upon *People v. Shannon* (1975), 34 Ill. App. 3d 185, 340 N.E.2d 129. We find that case inapposite. There, the police officer witnesses were absent because they were on furlough and the furlough schedule had been set up for 14 months. The prosecution could simply have consulted these schedules to avoid the absence of its witnesses.

In this case, the critical illness of the witness' sister was sudden and unexpected. It was the duty of the trial court to evaluate the failure of the State to have insisted on the witness' presence on October 9. The trial court's granting of the extension of time under the circumstances did not constitute such a clear abuse of discretion as to warrant reversing defendant's conviction.

Affirmed.

GOLDBERG, P. J., and BURKE, J., concur.