THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* KENNETH J. RICHARDS, Defendant-Appellant.

First District (4th Division)   No. 77-811

Opinion filed April 26, 1979.

James J. Doherty, Public Defender, of Chicago (John McNamara and Suzanne Xinos, Assistant Public Defenders, of counsel), for appellant.

Bernard Carey, State's Attorney, of Chicago (Lee T. Hettinger and Paul C. Gridelli, Assistant State's Attorneys, of counsel), for the People.

Mr. JUSTICE ROMITI delivered the opinion of the court:

Defendant Kenneth Richards appeals from his conviction for aggravated battery. We consider only his claim that the trial court abused its discretion in twice extending the term within which the defendant was to be brought to trial. Because we agree with this contention we reverse defendant's conviction.

The running of defendant's term was tolled on June 6, 1976 when he missed a court appearance while on bond. The term began anew, under the provision of the speedy trial act then in effect (Ill. Rev. Stat. 1975, ch. 38, par. 103—5(f)), when defendant was taken into custody on the resulting bond forfeiture warrant on July 24, 1976. He remained in custody until his trial began on December 8, 1976. During that period no delays were attributable to him.

■■ On November 4, 1976, the State requested a continuance beyond the scheduled November 17, 1976, trial date. The request was based on the representation of the complaining witness, Denise Richards (defendant's sister-in-law), that she had to attend a job-training seminar in Wausau, Wisconsin, for two weeks beginning on November 7, 1976, after which she would also have to undergo training at her job site in River Forest, Illinois, for two additional weeks. She indicated that if she failed to attend the seminar she would lose her job. But although the State requested this continuance, they also informed the court they were ready to proceed to trial the same day if necessary. Over defendant's objection the court granted an extension to December 7, 1976. On that date the complainant was late in coming to court. Before her arrival defendant moved for dismissal under the Four-Term Act, but the court indicated its intention to extend the term one additional day because other matters were "on trial." Later that day the witness appeared, explaining that her car had "stopped." Defendant and the State answered ready for trial but the

court, apparently on its own motion, continued the cause for one day. Defendant's motion for a speedy trial dismissal was denied that day and again on December 8 when he renewed the motion. Trial began with the selection of the jury on December 8, 1976. (*People v. Williams* (1974), 59 Ill. 2d 402, 320 N.E.2d 849.) Thus, defendant's trial began 137 days after he was taken into custody, 17 days beyond the time within which the State ordinarily would have been required to commence trial, and one day beyond the original term extension granted by the trial court. The State contends that both extensions were properly granted under the authority of section 103—5(c) of the Code of Criminal Procedure, which states:

"If the court determines that the State has exercised without success due diligence to obtain evidence material to the case and that there are reasonable grounds to believe that such evidence may be obtained at a later day the court may continue the cause on application of the State for not more than an additional 60 days." (Ill. Rev. Stat. 1975, ch. 38, par. 103—5(c).)

The decision to grant such an extension is a matter for the discretion of the trial judge, and only where there has been a clear abuse of that discretion will a reviewing court reverse that decision. (*People v. Arndt* (1972), 50 Ill. 2d 390, 280 N.E.2d 230; *People v. Watson* (1977), 47 Ill. App. 3d 665, 365 N.E.2d 95.) However, this provision is a statutory implementation of the constitutional right to a speedy trial under the 6th and 14th Amendments (*People v. Anderson* (1973), 53 Ill. 2d 437, 292 N.E.2d 364; *People v. Green* (1976), 42 Ill. App. 3d 978, 356 N.E.2d 947), and where a reviewing court finds that the conditions for an extension have not been established it will protect this constitutional right by reversing a resulting conviction. (*People v. Shannon* (1975), 34 Ill. App. 3d 185, 340 N.E.2d 129.) In *Shannon* the defendant's conviction was reversed because the State had failed to establish that they had acted diligently in locating three witnesses within the four-month term, so that the extension they received was improperly granted. In the case at bar the issue is not one of diligence, but whether the witness was in fact unavailable for trial within the term.

■ Properly applied, the extension provision strikes a balance between the fundamental right of a defendant to a speedy trial and the truth-seeking goal of our judicial system. Where relevant, material evidence is unavailable within the statutory period provided for beginning trial, despite diligent efforts of the State to obtain such evidence, a reasonable extension is permitted if there is good reason to believe the evidence can be obtained in the future. Such extensions have been approved where a witness could not be immediately located (*People v. Robinson* (1976), 44 Ill. App. 3d 447, 358 N.E.2d 43; *People v. Franklin* (1976), 42 Ill. App. 3d

408, 355 N.E.2d 634; *People v. Craigwell* (1976), 40 Ill. App. 3d 889, 353 N.E.2d 101), was hospitalized (*People v. Knox* (1968), 94 Ill. App. 2d 36, 236 N.E.2d 384), or was recovering from injuries. (*People v. Wollenberg* (1967), 37 Ill. 2d 480, 229 N.E.2d 490.) In a few instances extensions have been granted where the State learns that a witness is not available because of temporary absence from the area. (*People v. Stephenson* (1973), 12 Ill. App. 3d 201, 298 N.E.2d 218, witness on vacation in South America; *People v. Robinson* (1976), 41 Ill. App. 3d 433, 354 N.E.2d 551, witness had gone to Florida to care for critically ill sister; *People v. Arndt* (1972), 50 Ill. 2d 390, 280 N.E.2d 230, witness at sea; *People v. Moriarity* (1966), 33 Ill. 2d 606, 213 N.E.2d 516, witness on vacation out of town.) But in none of these four cases was there a granting of an extension prior to the departure of the witness; it appears that in each of those cases the State and the court were confronted with established physical absences. In the case before us the witness was in fact available for trial at the time the extensions were granted, and in both instances the State and the defendant informed the court they were ready for immediate trial. The first extension requested by the State was solely for the convenience of their witness. Even assuming the reasons asserted by the witness outweighed defendant's right to trial within the statutory period, the witness could have been accommodated by immediate commencement of trial, for which the State had affirmed its preparedness. Nor was there even an asserted unavailability-of-evidence basis for the second extension; the State did not request a second extension and it was apparently granted on the court's own motion because other matters were pending that day. Although the complaining witness was late, nothing in the record indicates she was so late as to prevent commencement of trial. ■ Because neither of the extensions of defendant's trial term were properly based on the unavailability of a witness, defendant's right to a speedy trial was violated and his conviction must be reversed.

Reversed.

JIGANTI, P. J., and LINN, J., concur.