THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
JANETTE FLOWERS, Defendant-Appellant.

First District (2nd Division)   No. 79-1157

Opinion filed May 6, 1980.

James J. Doherty, Public Defender, of Chicago (Donald S. Honchell, Assistant Public Defender, of counsel), for appellant.

Bernard Carey, State's Attorney, of Chicago (Marcia B. Orr, James S. Veldman, and Thomas A. Gibbons, Assistant State's Attorneys, of counsel), for the People.

Mr. JUSTICE DOWNING delivered the opinion of the court:

Defendant, Janette Flowers, was charged with armed robbery, armed violence, and aggravated battery.[1] She was tried without a jury,

---

[1] Defendant was also charged with the offense of attempt murder, but the court made no finding on that charge.

found guilty of the offenses as charged, and sentenced to serve, concurrently, two 10-year terms and a 4-year term. On appeal defendant asks this court to consider whether the trial court abused its discretion when it granted the State's petition for an extension of time within which to bring defendant to trial, and thus denied her the statutory right to a speedy trial. Ill. Rev. Stat. 1977, ch. 38, par. 103—5(a), (c), (d).

Defendant was arrested on October 15, 1978. Probable cause was found during a preliminary hearing held the next day. On October 30, the court-appointed defense counsel and the cause was continued by agreement. On January 10, 1979, defendant answered ready and demanded trial. The State asked for and was granted a continuance to January 29. On that date, and again on February 15, March 20, and March 26, the State moved for and was given a continuance even though defendant answered ready and demanded trial on each occasion.

On April 16, the 111th day attributable to State delay since defendant's arrest, the State filed its petition for an extension of time within which to bring defendant to trial. The petition averred, *inter alia*, that Investigator Martin Anderson (Anderson) of the Chicago Police Department was a material and essential witness; that the State has "exercised due exertion to produce the presence of this witness"; and that Anderson "is on furlough, is out of the city and will be until the month of May." Defendant orally opposed the petition and the cause was continued until the next day.

On April 17, defendant filed a written objection which, *inter alia*, denied that the state's attorney's office had exercised due diligence to produce Anderson for trial at any time. After a hearing, the trial court granted the State's petition.

On May 1, defendant filed a petition for discharge claiming she had not been accorded her right to a speedy trial by April 24, the 120th day of her trial term. In addition, the trial court was informed that Anderson had returned to Chicago on April 8. The trial court denied defendant's petition. Trial began May 16, and defendant was convicted on May 18.

During a hearing on defendant's post-trial motion, Anderson testified that his department scheduled his 28-day furlough almost five months in advance of his March 29 departure from Chicago. Furthermore, he testified that he returned to Chicago on April 8. Nevertheless, the trial court ruled that the State had exercised due diligence in obtaining Anderson's presence for trial and that the extension of time was proper.

I.

Defendant contends her convictions should be reversed and she should be discharged from custody because she was denied her statutory

right to a speedy trial. She claims the trial court abused its discretion when it granted the State's petition for an extension of time. We agree.

■■ The statutory right to a speedy trial is expressed, in pertinent part, as follows:

"(a) Every person in custody * * * shall be tried by the court * * * within 120 days from the date he was taken into custody * * *.

* * *

(c) If the court determines that the State has exercised without success due diligence to obtain evidence material to the case * * * the court may continue the cause on application * * * for not more than an additional 60 days.

(d) Every person not tried in accordance with subsections (a) * * * and (c) of this Section shall be discharged from custody * * *." (Ill. Rev. Stat. 1977, ch. 38, par. 103—5.)

This statute is a codification of the constitutional protections against arbitrary and oppressive pre-trial delay and incarceration. *People v. Shannon* (1975), 34 Ill. App. 3d 185, 187, 340 N.E.2d 129; see also *People v. Hairston* (1970), 46 Ill. 2d 348, 355, 263 N.E.2d 840, *cert. denied* (1971), 402 U.S. 972, 29 L. Ed. 2d 136, 91 S. Ct. 1658.

■■ The decision of whether to grant an extension of the 120-day period "rests within the discretion of the trial court, and its determination will not be disturbed unless there has been a clear abuse of discretion. [Citations.]" (*People v. Arndt* (1972), 50 Ill. 2d 390, 393, 280 N.E.2d 230.) Where, however, a court of review discovers facts insufficient to justify an extension "it will protect this constitutional right by reversing a resulting conviction." *People v. Richards* (1979), 71 Ill. App. 3d 581, 583, 390 N.E.2d 86.

This court found facts insufficient to justify an extension in *People v. Shannon*. The trial court there granted an extension when the State alleged two eyewitness police officers were unavailable because they left the city on furloughs. This court reversed the trial court and held the "* * * belated efforts to locate these essential witnesses were not sufficient to constitute due diligence on the part of the State. This conclusion is particularly supported by the fact that the vacation schedules of these two witnesses were in existence months before defendant was arrested." 34 Ill. App. 3d 185, 187.

■■ Similarly, the instant record discloses facts insufficient to justify an extension. Anderson's furlough was scheduled within a month of defendant's arrest. He did, in fact, return to Chicago on April 8. Thus, he was actually available as a witness when the State alleged in its petition that he was out of the country. We can only conclude that the State failed

to exercise sufficient control over the progress of this case. Due diligence was lacking. Therefore, absent due diligence, the extension of the term time was an abuse of discretion. Accordingly, we conclude the defendant's right to a speedy trial was violated, and her convictions must be reversed.

The judgment of the circuit court of Cook County is reversed and the cause remanded with directions to enter an order discharging the defendant.

Reversed and remanded with directions.

PERLIN, P. J., and STAMOS, J., concur.