THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, *v.*
FOREST CLARK, Defendant-Appellee.

Fourth District   No. 15671

Opinion filed August 20, 1980.

CRAVEN, J., concurring in part and dissenting in part.

Thomas J. Difanis, State's Attorney, of Urbana (Marc D. Towler and Gary J. Anderson, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

Edward H. Rawles, of Reno, O'Byrne & Kepley, of Champaign, for appellee.

Mr. JUSTICE TRAPP delivered the opinion of the court:

The prosecution appeals from the order of the trial court which discharged the defendant under the provisions of section 103—5(b) of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1977, ch. 38, par. 103—5(b)). Such an order is appealable. *People v. Petropoulos*(1966), 34 Ill. 2d 179, 214 N.E.2d 765.

This court has heretofore granted leave to supplement the record. That order was found to be granted improvidently, and such matter has not been considered on review.

A statement of chronology is required. On October 26, 1978, defendant, a State trooper, was indicted upon three counts of perjury and three counts of official misconduct. On October 27 defendant was released on his own recognizance and oral demand for a speedy trial was made. The record shows that the State's Attorney waived written demand.

The record shows motions and orders for discovery by each party. The scope and content of the motions and orders are not shown in the record. It appears that the prosecution produced several volumes of police reports and other material in discovery. The issue was keyed to delay in transcribing certain grand jury proceedings.

On March 26, 1979, the State's Attorney filed a motion for continuance alleging that a transcript of the grand jury testimony had been requested on October 26, 1978; that the contract reporter had not furnished the transcript; that inquiry had been made on March 1, 1979, but that the transcript had not been transcribed and that the prosecution could not proceed to trial until the transcript had been prepared. The motion was supported by an affidavit of an assistant state's attorney who had requested the transcript.

On March 30, the motion with arguments of counsel was heard and the case continued for 60 days as provided in section 103—5(c) of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1977, ch. 38, par. 103—5(c)). This section provides in substance that if the court determines that the State has exercised due diligence to obtain evidence material to the case, and that there are reasonable grounds to believe such evidence may be obtained, the trial court may grant an application extending the term for a speedy trial by an additional 60 days.

On April 5, 1979, defendant filed a motion for discharge under section 103—5(b) of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1977,

ch. 38, par. 103—5(b)) alleging the sequence of events and that 160 days had expired since the date of demand for speedy trial, and since the date of the order granting a continuance.

On April 11, testimony upon the latter motion was heard from the assistant state's attorney, the contract reporter, and the stenographer for the State's Attorney who inquired concerning the transcript on March 1. The testimony supports a conclusion that the reporter did not promptly report the grand jury proceedings because she confused the order for the transcript with her instructions concerning the proceedings in a case being heard by the grand jury contemporaneously. A response to discovery shows that the report of grand jury testimony which apparently was not available on April 11 was supplied to defendant on April 12.

On April 25, the trial court discharged defendant. His memorandum was filed setting forth that the issues were whether the prosecution exercised due diligence and whether the grand jury transcript constituted material evidence within the statute. From the evidence, the trial court concluded that the contract reporter had failed to comprehend the instructions concerning the transcript. He did not find that there had been a failure of prosecutorial diligence. See *People v. Griffin* (1978), 58 Ill. App. 3d 644, 374 N.E.2d 1031.

The trial court determined, however, that the grand jury proceedings did not constitute material evidence and for that reason discharged the defendant. The court's rationale was that the prosecution could not use the transcript to impeach the witnesses which it called at trial. The defendant had appeared before the grand jury and testified. The court reasoned, however, that the transcript could be used only to impeach the defendant or to prosecute him for perjury if he testified at trial, but that the use of the transcript could not be material if defendant did not testify.

■■ The prosecution argues that it relied upon the order of the trial court granting the continuance, and that if the continuance had been denied steps could have been taken to procure a special jury setting prior to the expiration of the statutory term. It is not unreasonable to conclude that there was reliance upon the order granting continuance in the light of the fact that the record shows that the matter had been argued by counsel and that the court thereafter granted the continuance.

■■ The State argues that the transcript of defendant's testimony contained admissions that are material to the issues upon the charges of perjury, that is, that the defendant stated the matters detailed in the complaint for search warrant to an assistant state's attorney; that defendant read the complaint prepared by that individual before signing it, and that that complaint correctly set forth the facts stated to the assistant state's attorney by defendant. Such admissions are relevant and material upon the issues in the

prosecution, and we conclude that the trial court erred in that, as a matter of law, the transcript of grand jury proceedings was not material as evidence.

Defendant cites *People v. Sharos* (1974), 24 Ill. App. 3d 265, 320 N.E.2d 351. There, the actual issue was whether the statutory period of 160 days should commence with the date of demand for speedy trial made following a preliminary hearing, or from the date of the subsequent indictment and arraignment. When *Sharos* was called for trial, discovery had not been completed and defendant sought a continuance. The reviewing court held that such continuance was not a delay chargeable to defendant. Here, defendant argues from such premise that if the transcript had been presented on March 30 in discovery, defendant would have had to request a continuance to prepare for trial; that such delay would not have been chargeable to defendant, and that thereafter defendant would be entitled to discharge upon the expiration of the term.

In the context of preparation for trial, the argued conclusion is not necessarily correct. In *People v. Elder* (1979), 73 Ill. App. 3d 192, 391 N.E.2d 403, the prosecution failed to supply discovery until the day on which jury selection began. It was held that there was no error in denying defendant's motion for continuance because such facts did not demonstrate, as a matter of law, that there was no adequate opportunity to prepare the defense. Here, as in *Elder*, the defendant had been supplied with voluminous discovery and the names of the witnesses before the grand jury had been endorsed in the indictment. Defendant's use of this transcript would be for impeachment of the prosecution witnesses called to testify. This transcript was of some 129 pages and there was a period of four or five days to review the document. We do not agree with defendant's hypothesis that it would necessarily have been error to deny defendant's motion for continuance if the transcript had first been supplied on March 30.

Defendant argues that the prosecution failed to exercise diligence in procuring the transcript. This issue had been presented and argued to the trial court on the date the continuance had been granted. The record shows that defendant again argued the issue at the time of the motion for discharge. The trial court did not change, or refer to, its ruling upon the matter of due diligence. Defendant cites *People v. Shannon* (1975), 34 Ill. App. 3d 185, 340 N.E.2d 129. There, the prosecution did not move for continuance until the last day of the statutory term and no subpoenas for witnesses had been sought until four or five days prior to that date. We conclude that the opinion in *Shannon* is inapposite and that the trial court did not err upon the issue of due diligence in procuring the transcript.

Upon the facts at issue, we conclude that the trial court erred in discharging the defendant for the reason assigned. The order of the trial

court is reversed and the cause is remanded for further proceedings not inconsistent with the views expressed herein.

Reversed and remanded with directions.

GREEN, J., concurs.

Mr. JUSTICE CRAVEN, concurring in part and dissenting in part:

While I agree with the majority that the grand jury testimony was material evidence (*People v. Wilkes* (1971), 2 Ill. App. 3d 626, 276 N.E.2d 761), I am in disagreement with the result reached. In this case, Judge Tucker, based upon factual determinations, concluded that there had been a denial of a speedy trial in the face of a demand for a speedy trial. The record supports Judge Tucker's order, and my colleagues simply substitute their view of the facts for the view of the factfinder.

Unlike the majority, I would hold that the record in this case shows, as a matter of law, the State's lack of diligence. The State waited until the 125th day of the 160-day period to check on the progress in transcribing the testimony and made no other effort to obtain the transcript until it had run out of time. The majority refers to "confusion" in the court reporter's office. The record here shows that in the State's Attorney's office, a lawyer not assigned to the case made the only inquiry regarding the transcript. In *Griffin*, the State's Attorney's office requested the transcript each week over a five-month period; the trial judge in that case expressly found that the court reporters' backlog of work had caused the delay. I do not think that the State has shown here that it acted diligently.

Some comments on one of the State's arguments are also in order. The State argues that had the continuance not been granted, it might have tried the defendant within the 160-day period; essentially, the State urges that affirming the defendant's discharge would unfairly punish it for having relied on the extension of time. This problem arises only when, as in this case, the motion for more time comes before the expiration of the speedy-trial period.

Assuming that the extension was granted improperly, the State's argument presents a court of review with two choices: Accepting the argument in all cases, or accepting the argument in some cases. The logic of the statute and the practices of the courts require that both choices be rejected.

Accepting the argument in all cases in effect would insulate all continuances from review, for the State could always argue that it relied on the extension, however unwisely granted. This would be contrary to both the practice of the courts in reviewing speedy-trial issues and the purpose of the statute. In reviewing continuances the courts always ask whether the

trial judge abused his discretion (*People v. Arndt* (1972), 50 Ill. 2d 390, 280 N.E.2d 230); this question would be unnecessary and the standard of review irrelevant if the reliance argument, which may always be made, were accepted in every case. The implicit policy of the statute also militates against automatically applying this argument. While a trial judge may allow the State up to 60 days' additional time to marshal material evidence (Ill. Rev. Stat. 1979, ch. 38, par. 103—5(c)), the statute does not contemplate that continuances should be immune to review. Furthermore, Supreme Court Rule 615(b) (73 Ill. 2d R. 615(b)), pertaining to the powers of reviewing courts in criminal appeals, gives the appellate courts authority to reverse continuances and discharge defendants.

Thus, section 103—5(c) cannot be read to foreclose appellate review of the decision to grant the continuance. Also, an underlying policy of the judicial process is that persons are "entitled" to proper and correct decisions. Applying the reliance argument to every continuance granted to the State would therefore set in cement improperly granted continuances, limiting judicial review.

Accepting the reliance argument in some but not all cases would require the reviewing court to establish standards of when reliance has been shown and then either to assess the facts itself or to remand the case for an evidentiary hearing. As a consequence of this procedure, a class of cases would emerge where granting the extension was an abuse of discretion yet discharge is inappropriate.

Judging the State's reliance would require the appellate or trial court to balance what is fair for the defendant against what is fair for the State. *Barker v. Wingo* (1972), 407 U.S. 514, 33 L. Ed. 2d 101, 92 S. Ct. 2182, suggests factors relevant in weighing the competing interests. *Barker* is a pure sixth amendment case, however, for no speedy-trial statute was applicable; the court expressly refused to legislate a time period within which trial must begin but left the States free to establish their own limits. Although speedy-trial statutes are derived from the sixth amendment (*People v. Nowak* (1970), 45 Ill. 2d 158, 258 N.E.2d 313), they are not limited by it. Beyond the clause permitting the court to grant the State, if diligent, more time to obtain material evidence, section 103—5 contains no hint that its time periods are otherwise intended to be flexible or to accommodate delays later deemed improper but rehabilitated, as it were, by the State's reliance. Illinois cases requiring that interests be balanced pertain to charges dismissed and defendants discharged under provisions other than section 103—5. *E.g., People v. Lawson* (1977), 67 Ill. 2d 449, 367 N.E.2d 1244.

The reliance argument is either novel or generally ignored: Cases holding that the trial court abused its discretion in granting continuances before the statutory period do not inquire into the extent and good faith of

the State's reliance on the improvidently granted extension. Even in cases where the State could make a strong and sympathetic claim of reliance the argument goes undiscussed (*e.g., People v. Richards* (1979), 71 Ill. App. 3d 581, 390 N.E.2d 86); the courts look only for delay attributable to the defendant in deciding whether he is entitled to discharge (*People v. Beyah* (1977), 67 Ill. 2d 423, 367 N.E.2d 1334; *People v. Cunningham* (1979), 77 Ill. App. 3d 949, 396 N.E.2d 876; *People v. Mrozek* (1977), 52 Ill. App. 3d 500, 367 N.E.2d 783).

The case law therefore implicitly rejects balancing interests when the defendant has fulfilled the statutory requirements for discharge; the cases do not require a defendant to show that even a short delay has prejudiced him. The statute in effect irrebuttably presumes that any delay not attributable to the defendant and not justified under section 103—5(c) prejudices him. The right to discharge in such a case is absolute. When a speedy trial has been denied, discharge is the only appropriate remedy. (*Strunk v. United States* (1973), 412 U.S. 434, 37 L. Ed. 2d 56, 93 S. Ct. 2260.) Thus we should reject the reliance argument in all cases, even when the State presents sympathetic circumstances.

I therefore would affirm the order of Judge Tucker discharging the defendant. The majority opinion seems to agree that the record fails to show diligence yet unnecessarily remands the case to permit the trial judge to enter the same order, albeit for a different reason.