2023 IL App (1st) 192226-U

No. 1-19-2226

Order filed June 30, 2023

FIFTH DIVISION

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE
APPELLATE COURT OF ILLINOIS
FIRST JUDICIAL DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of Cook County. |
| Plaintiff-Appellee, | ) ) | |
| | ) | No. TN 516169 |
| v. | ) ) | |
| | ) | Honorable |
| TERRY GARCIA, | ) ) | Kerrie Maloney Laytin, William Yu, |
| Defendant-Appellant. | ) ) | Lori Rosen, Judges presiding. |

JUSTICE MITCHELL delivered the judgment of the court.
Presiding Justice Delort and Justice Lyle concurred in the judgment.

**ORDER**

¶ 1    *Held*: We reverse because the trial court violated defendant's statutory right to a speedy trial and abused its discretion by extending the speedy trial term when the State failed to demonstrate due diligence.

¶ 2    Defendant Terry Garcia appeals his conviction for driving under the influence of alcohol, in violation of 625 ILCS 5/11-501(a)(2). Garcia raises the following issue on appeal: did the trial court abuse its discretion in extending the term under the Speedy Trial Act (725 ILCS 5/103-5 (West 2016)) based upon the State's representation that a witness, a nurse, had been subpoenaed

when in fact no subpoena had been issued? For the reasons stated below, we conclude that the trial court abused its discretion, and we reverse.

¶ 3                                    BACKGROUND

¶ 4     On the night of April 13, 2018, Chicago police discovered Terry Garcia at a FedEx warehouse where he had crashed his car through a fence. Garcia had no serious injuries, but he sustained a laceration. An ambulance transported him to St. Anthony's Hospital where he received medical treatment and a blood draw. Police then brought him to the police station where he received three citations, including one for DUI.

¶ 5     On May 7, 2018, Garcia appeared in the circuit court of Cook County. He filed a demand for speedy trial, thus initiating the 160-day speedy trial term. On June 13, 2018, the court granted the State a qualified protective order so that it could subpoena Garcia's medical records from St. Anthony's Hospital. Over the next several months, the State responded not ready for trial on four occasions because it had not yet received Garcia's records. On each of these occasions, the court granted the State's motion for a continuance, and Garcia demanded speedy trial. On the final day of the 160-day speedy trial term, October 15, 2018, the State moved to extend the term because two witnesses, a police officer and a nurse, were not present in court. The State also informed the court that there was an "indication that [the] nurse has been subpoenaed." In reality, the State had not yet subpoenaed the nurse. The court granted the extension over Garcia's objection.

¶ 6     On the next day, October 16, 2018, the State received Garcia's medical records from St. Anthony's Hospital. The receipt of the records was delayed because the State was delinquent in paying the hospital's invoice. On November 5, 2018, the nurse appeared in court for the first time.

¶ 7     Garcia moved to dismiss the case arguing that his right to speedy trial had been violated because he was not tried within the 160-day term and that the trial court abused its discretion in extending the term. After a hearing, the trial court denied this motion. The court concluded that the State had demonstrated due diligence despite (1) acknowledging that the State did not subpoena the nurse until *after* the court had extended term; (2) knowing that the State secured an extension of the term by mistakenly representing that the nurse had *already* been subpoenaed; and (3) knowing that the State had failed to timely pay a hospital invoice which delayed the receipt of the medical records until after the expiration of the 160-day term.

¶ 8     On February 26, 2019, after a bench trial, the trial court found Garcia guilty of driving under the influence of alcohol. The court sentenced Garcia to 12 months supervision. Garcia filed a timely posttrial motion, which the court denied. The trial court explained that it did not find any error in either the decision to grant the 21-day extension or the denial of defense counsel's motion to dismiss. This timely appeal followed. Ill. S. Ct. R. 606 (eff. July 1, 2017).

¶ 9                                   ANALYSIS

¶ 10    Garcia argues that the trial court abused its discretion by extending the speedy trial term. He contends that the State failed to demonstrate due diligence, reasoning that the State's misrepresentation regarding the nurse's subpoena did not constitute a sufficient showing of due diligence. The State argues that it did exhibit due diligence by subpoenaing the hospital on June 13, 2018, and then waiting to receive the necessary records before attempting to secure the nurse's presence in court as a witness. Whether a defendant's right to a speedy trial has been violated is a legal question reviewed *de novo* (*People v. Pettis,* 2017 IL App (4th) 151006, ¶ 17), while a trial

court's decision to extend a speedy trial term is reviewed for an abuse of discretion (*People v. Curry*, 2020 IL App (2d) 180148, ¶ 39).

¶ 11    The Speedy Trial Act guarantees that upon demand, an accused on bail will receive a trial within 160 days: "Every person on pretrial release or recognizance shall be tried by the court having jurisdiction within 160 days from the date the defendant demands trial unless delay is occasioned by the defendant." 725 ILCS 5/103-5 (West 2018). The Act also describes the process by which the court may grant an extension beyond this term:

> "If the court determines that the State has exercised without success due diligence to obtain evidence material to the case and that there are reasonable grounds to believe that such evidence may be obtained at a later day the court may continue the cause on application of the State for not more than an additional 60 days." *Id*.

To satisfy due diligence, the State must demonstrate that it made continual efforts to obtain material evidence. *People v. Exson*, 384 Ill. App. 3d 794, 800 (2008). Therefore, when the State fails to contact a witness before the trial date due to its own inaction, it has not shown due diligence. *People v. Connors*, 2017 IL App (1st) 162440, ¶ 23.

¶ 12    Here, it is undisputed that the basis upon which the State sought an extension of the speedy trial term was factually false: the State had not subpoenaed the nurse within the 160-day term despite representing the contrary to the trial court. In fact, at the time the State sought the extension of the term, it did not even possess the medical records because it had been delinquent in paying the hospital's invoice. Nearly a month before the end of the term, on September 19, 2018, the State received notice that the hospital would not provide the medical records until the State paid its outstanding invoice. This is significant, because had the State exercised the required diligence at

that point, it still could have secured the records and subpoenaed the nurse for the October 15, 2018 trial date set for the final day of the term. Against this backdrop, it was an abuse of discretion to extend the speedy trial term because the State simply failed to exercise due diligence.

¶ 13    The State argues that Garcia has forfeited the speedy trial issue because he answered "ready" for trial on February 26, 2019. Garcia consistently demanded trial throughout the 160-day term, he objected to the extension of term, he subsequently moved to dismiss the case before trial based on the violation of his speedy trial rights, and he raised the speedy trial violation in his posttrial motion. Indeed, when Garcia sought to raise the speedy trial issue at the hearing on the posttrial motion, the State argued (erroneously) that the trial court could not revisit the issue: "[t]he motion to dismiss on the basis of the term has already been litigated, so it's our stance that this is not the proper time to rehash that." The State did not argue posttrial that the issue was forfeited (as it does now).

¶ 14    The Code of Criminal Procedure requires that a defendant bring a "written motion *** prior to trial" in order to preserve a speedy trial objection. 725 ILCS 5/114-1(a)(1). In criminal cases, an issue is preserved for review if it is raised either in a pretrial motion or a contemporaneous trial objection *and* is included in the posttrial motion. *People v. Denson*, 2014 IL 116231, ¶ 11. That is precisely what Garcia did here. Further, the trial court acknowledged on the record that the issue was fairly presented in both pretrial and posttrial motions. The rules of waiver and forfeiture

are intended to ensure that the trial court has a full and fair opportunity to rule on the merits of an issue, which plainly occurred here. *Id*. at ¶ 13. There was no forfeiture.[1]

¶ 15    For the first time on appeal, the State now contends that Garcia cannot establish a violation of the Speedy Trial Act because defense counsel contributed to delay. Specifically, the State argues that Garcia caused a 38-day period of delay beginning on July 20, 2018, because defense counsel failed to appear on that day. The State also now argues that Garcia's request for discovery delayed the case. But the State has forfeited these arguments by failing to argue the points in the trial court. *People v. Cruz*, 2013 IL 113399, ¶¶ 20-23. The common law record indicates that the trial court continued the case five times on the State's motion such that the entire delay from May 7, 2018 until the term on October 15, 2018 was attributed to the State. Having secured repeated continuances on its motion in the trial court, the State cannot now complain on appeal that it was not responsible for the delay. *People v. Caballero*, 206 Ill. 2d 65, 80 (2002).

¶ 16                                   CONCLUSION

¶ 17    The judgment of the circuit court of Cook County is reversed.

¶ 18    Reversed.

---

[1] The State also complains that the posttrial motion was omitted from the record on appeal. The common law record clearly shows that such a motion was filed and that the trial court set a briefing schedule on the motion. Further, in his brief in support of the posttrial motion, Garcia argued the speedy trial issue. The trial court at the hearing on the posttrial motion acknowledged that the issue was properly raised, reraised, and preserved.